## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>          Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF THE<br>TREASURY,<br>1500 Pennsylvania Avenue NW<br>Washington, DC 20220,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of the Treasury to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552.  As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.    The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3.     Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4.     Defendant U.S. Department of the Treasury ("Treasury") is an agency of the United States Government and is headquartered at 1500 Pennsylvania Avenue NW, Washington, DC 20220.  Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.     On January 8, 2026, Plaintiff submitted a FOIA request to Treasury seeking access to the following:

> All records, including communications, about the covering up of former Treasury Secretary Lawrence H. Summer's portrait in the U.S. Treasury Building in Washington, D.C.  Mr. Summers served as Treasury Secretary from July 2, 1999 to January 20, 2001.

On information and belief, Treasury covered Secretary Summers' official portrait after Summers' name appeared in records of convicted sex offender Jeffrey Epstein.

6.     The time frame of the request was identified as "January 1, 2025 to the present." A photo of the covered portrait was attached to the request.

7.     By email dated January 8, 2026 and again by letter dated January 29, 2026, Treasury acknowledged receipt of the request on January 8, 2026 and advised Plaintiff that the request had been assigned FOIA Case Number 2026-FOIA-00839

8.     Plaintiff has received no further response to its request.

9.     As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the

requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

10.     Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11.     Defendant is in violation of FOIA.

12.     Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

13.     Plaintiff has no adequate remedy at law.

14.     To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by February 6, 2026.  Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non- exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

- 4 -

Dated:  February 12, 2026

Respectfully submitted,

*/s/ Paul J. Orfanedes*
PAUL J. ORFANEDES
D.C. Bar No. 429716
Judicial Watch, Inc.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:     (202) 646-5172
Email: porfanedes@judicialwatch.org

*Attorney for Plaintiff*